Richard Kim (SBN: 272184)
Email: RichKimLaw@gmail.com
**Law Offices of Richard Kim**
6131 Orangethorpe Ave., Suite 370
Buena Park, CA 90620
Phone: 714-276-1122
Fax: 714-276-1120

Heedong Chae (SBN: 263237)
Email: hdchae@ewpat.com
Karen Kim (SBN: 297857)
Email: kkim@ewpat.com
**East West Law Group PC**
3600 Wilshire Blvd., Suite 702
Los Angeles, CA 90010
Phone: 213-387-3630
Fax: 213-788-3365

*Attorneys for Plaintiff,*
*SPIGEN KOREA CO., LTD.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIGEN KOREA CO., LTD., a Republic of Korea corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONGJING TECHNOLOGY CO., LTD. aka CJ Purity, a Hong Kong corporation; I-BLASON LLC, a Georgia limited liability company; DOES 1 though 10, inclusive,<br><br>Defendants. | Case No:<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Spigen Korea Co., Ltd., for its Complaint for Patent Infringement against Defendants CJ Purity ("CJ Purity") and I-Blason LLC ("I-Blason") (collectively, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and 1400(b).

## PARTIES

5. Plaintiff Spigen Korea, Co., Ltd. ("Spigen" or "Plaintiff), is a corporation organized and existing under the laws of Republic of Korea, with its principal place of business at 371-37 Kasandong, STX V-Tower #1709, Geumcheon-gu, Seoul, Republic Of Korea.

6. Plaintiff is informed and believes, and thereon alleges, that defendant, Congjing Technology Co., Ltd., is a corporation organized and existing under the laws of Hong Kong, with its place of business at Rm 905, Workingberg Comm. Bldg., 41-47 Marble Road, Hong Kong.

7. Plaintiff is informed and believes, and thereon alleges, that defendant I-Blason is a Georgia limited liability company, with its principal place of business at 1880 McFarland Parkway, Suite 180, Alpharetta, Georgia 30005.

8. Plaintiff is informed and believes, and thereon alleges, that Congjing Technology Co., Ltd., is doing business as a seller on Amazon.com under the alias CJ Purity.

9. Plaintiff is unaware of the true names and capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, but is informed and believes, and thereon alleges, that each of the fictitiously named defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein. Plaintiff therefore sues these defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.

## FACTUAL BACKGROUND

10. Spigen is a leader in the cellular phone and smart phone accessory industry.

11. Spigen is the owner of all right, title, and interest in the U.S. Patent No. 9,049,283 (the "'283 Patent"), entitled "Case Having a Storage Compartment for Electronic Devices," duly and properly issued by the U.S. Patent and Trademark Office on June 2, 2015. A copy of the '283 patent is attached as Exhibit A.

12. The inventor of the '283 Patent developed the patented technology in an effort to create a case for an electronic device, such as a smart phone, which was slim and sleek but which also comprised a card storage compartment that would hold two cards.

13. Previous attempts by other accessory manufacturers had left the market full of smart phone cases that were bulky or unwieldy or that could only hold one card in its storage compartment.

14. Spigen places a great deal of importance on its intellectual property. The practicing products of the '283 Patent, Spigen's Slim Armor CS (the "'283 Practicing Product"), have patent markings on their packaging, in their listings on Spigen's website www.spigen.com, and in their Amazon.com listings.

15. On information and belief, Congjing Technology was a former Amazon seller name, and this was changed to CJ Purity. *See* Exhibit B.

16. Through its Amazon storefront, CJ Purity imports into the United States

and offers to sell and sells certain smart phone cases, including cases under the Clayco brand name called the "Argos Series" (the "Accused Products"). *See* Exhibit C.

17. Upon information and belief, I-Blason imports into the United States and sells or offers to sell in the United States the Accused Products through, by way of example and not limitation, its website www.i-blason.com. *See* Exhibit D.

18. The Accused Products are very similar in appearance to the '283 Practicing Product. Upon information and belief, Defendants saw the '283 Practicing Product, either on a web listing or by purchasing a physical product, and deliberately copied the '283 Practicing Product. By seeing the '283 Practicing Product web listings or the actual physical product, Defendants would have seen the patent marking on either the listings or the product packaging.

19. The Accused Products are very similar in appearance to the drawings included with the '283 Patent. The degree of similarity would not be possible without having seen the drawings of the '283 Patent or the '283 Practicing Product.

## **COUNT 1 - INFRINGEMENT OF U.S. PATENT NO. 9,049,283**

20. Spigen incorporates by reference the above paragraphs 1-18.

21. Defendants have been and/or are directly infringing one or more claims of the '283 Patent by, without Spigen's permission, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products that are covered by the claims of the '283 patent, including, by way of example and not limitation, the Accused Products – certain smart phone cases being sold under the Clayco brand name as the "Argos Series."

22. Upon information and belief, Defendants directly infringe, literally or under the doctrine of equivalents, at least claims 1-20, and 22 of the '283 Patent by making, using, selling, offering to sell, and/or by importing, by way of example and not limitation, the Accused Products.

23. By way of example, claim 1 of the '283 Patent recites as follows:

1. A case, having a storage compartment, for an electronic device,
comprising:
a soft protective case which comprises a back panel to cover a back portion of the electronic device, a raised wall formed on a bottom surface of the back panel to form the storage compartment, and a side wall extending from a top surface of the back panel along edges of the back panel for significantly covering a side portion of the electronic device;
a hard protective frame, configured to removably mount over the soft protective case wherein the hard protective frame comprises grooves; and
a cover which includes rails adapted to mate with and to be slidably mounted on the grooves so that the cover slides along the grooves to open and close the storage compartment,
wherein the soft protective case significantly covers a back portion of the electronic device with the top surface of the back panel and a side portion of the electronic device with the side wall of the soft protective case,
wherein the soft protective case is sufficiently flexible to accept insertion of the electronic device therein and sufficiently rigid to securely retain the inserted electronic device.

24. The preamble of claim 1 of the '283 Patent requires "[a] case, having a storage compartment, for an electronic device. Defendants' Accused Products are a "case, having a storage compartment, for an electronic device" as shown below:

//
//
//
//



25. The first element of claim 1 of the '283 Patent requires "a soft protective case which comprises a back panel to cover a back portion of the electronic device." The Accused Products contain a soft protective case that covers the back of an electronic device as shown below:

//
//
//
//
//
//
//
//
//
//



26. The first element of claim 1 of the '283 Patent further requires "a raised wall formed on a bottom surface of the back panel to form the storage compartment." Defendants' Accused Products have a storage compartment on the back panel formed by a raised wall as shown below:



27. The first element of claim 1 of the '283 Patent further requires "a side

wall extending from a top surface of the back panel along edges of the back panel for significantly covering a side portion of the electronic device." Defendants' Accused Products have a side wall that covers the sides of the electronic device.



28. The second element of claim 1 of the '283 Patent requires "a hard protective frame, configured to removably mount over the soft protective case wherein the hard protective frame comprises grooves." The Accused Products have a hard protective frame that is removable from the soft protective case and which includes grooves, as shown below:

//
//
//
//
//



29. The third element of claim 1 of the '283 Patent requires "a cover which includes rails adapted to mate with and to be slidably mounted on the grooves so that the cover slides along the grooves to open and close the storage compartment." The Accused Products have a cover that slides along grooves to open and close the storage compartment, as shown in the photograph below:

//
//
//
//
//
//
//
//
//

COMPLAINT
9

Case 2:17-cv-03463-DOC-DFM Document 1 Filed 05/08/17 Page 10 of 13 Page ID #:10



30. The fourth element of claim 1 of the '283 Patent requires "wherein the soft protective case significantly covers a back portion of the electronic device with the top surface of the back panel and a side portion of the electronic device with the side wall of the soft protective case." The soft protective case of Defendants' Accused Products covers the back and side of the electronic device, as shown below:



COMPLAINT
10

31. The fifth element of claim 1 of the '283 Patent requires "wherein the soft protective case is sufficiently flexible to accept insertion of the electronic device therein and sufficiently rigid to securely retain the inserted electronic device." The soft protective case of Defendants' Accused Products are flexible enough to accept insertion of an electronic device and rigid enough to retain the inserted electronic device.

32. Accordingly, the Accused Products infringe claim 1 of the '283 Patent, and Defendants are liable as direct infringers under 35 U.S.C. § 271(a), including liable under the doctrine of equivalents.

33. Defendants customers (e.g., distributors, retailers, online vendors, and end users) directly infringe at least claims 1-20, and 22 of the '283 Patent by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, the Accused Products.

34. Defendants have actively induced infringement of, and continue to actively induce infringement of, at least claims 1-20, and 22 the '283 Patent under 35 U.S.C. § 271(b) by making, selling, importing, and/or offering for sale the Accused Products to their customers, through Amazon.com, i-blason.com, and various other outlets, with the knowledge that their customers will sell, offer to sell, use, and/or import into the United States the Accused Products.

35. Defendants have actively induced infringement of, and continue to actively induce infringement of, at least claims 1-20, and 22 the '283 Patent under 35 U.S.C. § 271(b) by making, selling, importing, and/or offering for sale the Accused Products to their customers with the knowledge and specific intent to encourage and facilitate those infringing sales and uses of the Accused Products by actively marketing, selling, and offering for sale the Accused Products on Amazon.com, i-blason.com, and other websites.

36. Upon information and belief, Defendants had knowledge of the '283 Patent and has had or should have had knowledge that their acts constitute

infringement at least since they purchased and/or saw the '283 Practicing Product.

37. Defendants have profited through infringement of the '283 Patent. As a result of Defendants' unlawful infringement of the '283 Patent, Spigen has suffered and will continue to suffer damages. Spigen is entitled to recover from Defendants the damages suffered by Spigen as a result of Defendants' unlawful acts.

38. Defendants' infringement is, on information and belief, willful. Defendants deliberately copied the '283 Patent and/or the '283 Practicing Product, making this an exceptional case and entitling Spigen to enhanced damages and reasonable attorney's fees and costs.

39. On information and belief, Defendants intend to continue their unlawful infringing activity, and Spigen continues to and will continue to suffer irreparable harm — for which there is no adequate remedy at law — from such unlawful infringing activity unless Defendants are enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Spigen prays for relief as follows:

1. For a judgment declaring that Defendants have infringed one or more claims of the '283 Patent of Spigen;

2. For a judgment awarding Spigen compensatory damages as a result of Defendants' infringement of the '283 Patent, together with interest and costs, and in no event less than a reasonable royalty;

3. For a judgment declaring that Defendants' infringement of the '283 Patent has been willful and deliberate;

4. For a judgment awarding Spigen treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the '283 Patent;

5. For a judgment declaring that this case is exceptional and awarding Spigen its expenses, costs, and attorney's fees in accordance with 35 U.S.C. §§ 284

and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

     6.    For a grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of infringement; and

     7.    For such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 8, 2016         Respectfully submitted,

                            By:   /s/ Heedong Chae
                                Heedong Chae
                                Richard Kim
                                Karen Kim
                                Attorneys for Plaintiff
                                KOREA SPIGEN CO., LTD.